### In re Five Arch Building & Loan Association

*Arthur E. Weil,* for claimant.

*Herbert P. Sundheim,* Special Deputy Attorney General, for receiver.

LEWIS, J., December 17, 1937.—The first and partial account of the Secretary of Banking of the Commonwealth of Pennsylvania, Receiver of the Five Arch Building & Loan Association, came before us for audit on November 4, 1937.

Exceptions to the account are here disposed of, and the account in all other respects is confirmed. . . .

The claim of the Security Bank & Trust Company for the sum of $10,772.47, based upon a promissory note executed by the association on June 21, 1935, having an unpaid balance of principal of $10,392.24, is allowed in

the amount of $10,470.18, representing the amount due on the note with interest of $87.94 to November 14, 1935. Claimant contends that it is also entitled to interest during receivership on the theory that the estate is sufficiently large, as is admitted, to pay creditors in full, and as between creditors and shareholders, the former must be paid interest down to the date of payment before shareholders are entitled to any residue.

There is no provision in the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733, authorizing the receiver to pay interest to creditors upon claims during the period of liquidation and distribution of the insolvent estate. Section 712 of the code indirectly negatives the proposition that interest accumulated during receivership is to be allowed. This section provides:

"The status of all parties shall become fixed on the date the secretary takes possession of the business and property of the institution, as receiver."

There is no doubt that creditors' claims properly proved have complete priority over claims arising from the ownership of shares in the insolvent association: Department of Banking Code, supra, sec. 1011(b).

The claim for interest is based upon an erroneous theory of the nature of receivership, viz., that the relationship of debtor-creditor continues to exist. The real nature of receivership is that the estate is in the possession of the receiver for the purpose of liquidation and distribution among those persons whose money has gone into the fund. Priorities in distribution are determined on the basis of the nature of the original relation between claimant and the association. While the priority arises upon receivership, the interested parties are no longer creditors and shareholders, but merely persons having claims against the assets.

We do not overlook the fact that in the somewhat analogous case of assignments for the benefit of creditors, regulated by the Act of June 4, 1901, P. L. 404, sec. 28, it is provided:

"All claims shall be made as of the date of the distribution of the fund, interest being allowed or discount being made to that time."

When an institution other than a building and loan association is being liquidated by the Secretary of Banking, section 1011 (a) of the Department of Banking Code regulates the order of distribution. The third subsection limits interest on claims arising from deposits to that which accrued prior to the date of taking possession. On the other hand, in the same subsection, there is the following reference to claims founded upon certificates of deposit:

". . . the claim of any holder of a certificate of deposit of the institution, which evidences an actual deposit of moneys in such institution, and *any interest which may be due thereon*, whether such certificate of deposit is payable upon demand, or is payable only after notice or after the expiration of a fixed period, whether or not such notice has been given or such period has expired at the date of distribution."

There is no similar reference to interest with respect to certified checks or to ordinary checks or drafts of the institution or to claims for cash or for the amount of any check or draft the proceeds of which have been received by the institution, which was delivered to the commercial department of such institution as fiduciary, either for transmission or for any purpose other than as a deposit.

The provision for interest on certificates of deposit is not unambiguous, since it does not indicate whether allowable interest includes that which might accrue during the receivership or is limited to accruals prior to the date of taking possession by the Secretary of Banking.

In view of the language of the Department of Banking Code and of the absence of an express provision for the allowance of interest which might be considered to accrue during receivership, we have concluded that the claim for interest during the liquidation cannot be allowed.